# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LEAH JOHNSON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-11-CV-203-XR |
| | § | |
| SUN LIFE & HEALTH INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| *Defendant*. | | |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

On this date, the Court considered Plaintiff Leah Johnson's Motion for Default Judgment, filed April 20, 2011 (Docket Entry No. 6).  After consideration of the motion, the record, and the applicable law, the Court GRANTS Plaintiff's motion for default judgment.

**I. Background and Procedural History**

Plaintiff Leah Johnson filed a complaint on March 11, 2011, asserting claims of (1) wrongful denial of long term disability benefits under an ERISA employee benefit plan; and (2) breach of fiduciary duty under ERISA, against Defendant Sun Life & Health Insurance Company.[1]

On March 25, 2010, Plaintiff served Defendant Sun Life, via its Registered Agent CT Corporation in Dallas, Texas, with a summons and a copy of the complaint pursuant to FED. R. CIV. P. 4.[2]  Accordingly, the deadline for Defendant to file an answer or other responsive motion was April 18, 2011.  FED. R. CIV. P. 12(1)(A)(i).  On April 19, 2011, Johnson filed an application for entry of

---

[1] Pl.'s Orig. Compl., Mar. 11, 2011 (Docket Entry No. 1).

[2] Acknowledgment of Service, Mar. 31, 2011 (Docket Entry No. 3).

1

default against Sun Life,[3] and the Clerk entered default.[4] Johnson filed a motion for default judgment against Sun Life on April 20, 2011[5]. The Court has reviewed the docket records maintained by the Clerk's office, and as of this date Defendant has filed no response or other appearance in this lawsuit.

## II. Legal Standard

Johnson seeks a default judgment against Sun Life pursuant to FED. R. CIV. P. 55(b)(2). A plaintiff is not entitled to a default judgment as a matter of right any time a defendant is in default. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). Rather, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Id.* (quoting *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). In determining whether to grant a default judgment, relevant factors include:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Furthermore, default judgment is only appropriate when a plaintiff's allegations are sufficient to impose liability on a defendant. *Lewis,* 236 F.3d at 767. The Court must accept pleaded facts as true, but it retains the obligation to determine whether those facts state a claim upon which relief may be granted. *See id.* (upholding district court's entry of default judgment because, even if true, the

---

[3] Pl.'s Mot. for Entry of Default, Apr. 19, 2011 (Docket Entry No. 4).

[4] Clerk's Entry of Default as to Sun Life & Health Insurance Company, Apr. 19, 2011 (Docket Entry No. 5).

[5] Pl.'s Mot. for Def. J., Apr. 20, 2011 (Docket Entry No. 6).

plaintiff's allegations would not support imposing liability against the defendants); *see also Marshall v. Baggett*, 2010WL3220356 at *2 (8th Cir. 2010). A court may conduct a hearing to effectuate judgment, to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. FED. R. CIV. P. 55(b). A hearing is not necessary, however, if the court finds within its discretion that it can rely on detailed affidavits and other documentary evidence to determine whether to grant a default judgment. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

### III. Analysis

There is no indication that Sun Life's failure to appear is due to a good faith mistake, excusable neglect, or substantial prejudice. No other relevant factors weigh against the Court issuing a default judgment. *See Lindsey*, 161 F.3d at 893. The Court may thus issue a default judgment if Johnson's allegations, taken as true, are sufficient to establish its entitlement to declaratory relief against Sun Life. *Lewis*, 236 at 767.

The allegations in Plaintiff's complaint reflect that Johnson obtained long term disability insurance through her former employment with Eads North America, Inc.[6] Her disability benefits policy was underwritten and administered by Defendant Sun Life.[7] Johnson is totally and permanently disabled from a massive, unstable abdominal incisional hernia, further damaged by recurrent infections, drainage, and neuroma, and recurrent rejections of surgical mesh, resulting from a military service hernia repair that occurred in Korea in July of 2000.[8]

---

[6] Pl.'s Orig. Compl. at 1.

[7] *Id.*

[8] *Id.* at 2.

Johnson alleges that Sun Life wrongfully denied her request for long term disability benefits under the long term disability benefits policy despite sufficient documentation of her disability, and a determination by the Social Security Administration that she was disabled.[9] She alleges that she is totally disabled and unable to perform the material duties of any other gainful occupation for which she is reasonably fit by training and experience; that Sun Life failed to accord proper weight to the evidence in the administrative record; that Sun Life's interpretation of the definition of disability in the policy is contrary to the policy's plain language, arbitrary and capricious, and unreasonable; and Sun Life has violated its contractual obligation to provide long term disability benefits to Johnson.[10] She also alleges that Sun Life was operating under a conflict of interest when it denied her request for benefits, because the administrator directly benefitted from the denial of her claim.[11]

Johnson asserts a claim pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B) that the denial of benefits violates her disability benefits policy.[12] She further asserts that Sun Life has breached its fiduciary duty under ERISA by failing to afford her the basic due process guarantees required by 29 U.S.C. § 1133 and its corresponding regulations.[13] Johnson seeks declaratory and injunctive relief

---

[9]*See* Pl.'s Orig. Compl.

[10]*Id.* at 6.

[11]*Id.* at 6-7.

[12]*Id.* 29 U.S.C. § 1132(a)(1)(B) authorizes a participant or beneficiary of an ERISA plan to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

[13]Pl.'s Orig. Compl. at 7. A fiduciary is defined under ERISA as someone who "exercises any discretionary authority or discretionary control respecting the management of [a] plan or exercises any disposition of its assets." 29 U.S.C. §1002(21)(A)(i).

that she is entitled to long term disability benefits under the terms of the policy; payment of long term benefits according to the policy until such time as she is no longer disabled or reaches the age of 65; reasonable attorney fees; reasonable costs; pre-judgment and post-judgment interest; and any other relief that the Court deems just.[14]

## IV. Conclusion

Having considered Plaintiff's motion for default judgment and the record in this case, the Court hereby GRANTS Plaintiff's motion for default judgment against Defendant Sun Life.

It is therefore, ORDERED, ADJUDGED, AND DECREED that Plaintiff Leah Johnson is entitled to payment of long term disability benefits under the disability benefits policy underwritten and administered by Defendant Sun Life & Health Insurance Company, and that Defendant Sun Life & Health Insurance Company shall pay long term benefits to Plaintiff Leah Johnson according to the policy until such time as she is no longer disabled or reaches the age of 65. The Court further ORDERS that Plaintiff shall submit a motion for attorney fees and costs within 14 days of this order.

It is so ORDERED.

SIGNED this 9th day of May, 2011.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[14] Pl.'s Orig. Compl. at 9-10; Pl.'s Mot. for Def. J. at 2-3.